McDUFFEE et al. v. BOSTON & M. R. CO.

(Circuit Court, D. Vermont. October 13, 1897.)

1. SECURITY FOR COSTS—POOR SUITORS—AFFIDAVIT OF POVERTY.
   Under the provision of 27 Stat. 252 (2 Supp. Rev. St. p. 41), that, after suit brought, "the plaintiff may answer, and avoid a demand for fees, or security for costs, by filing" an affidavit that, because of his poverty, he is unable to pay or give security, etc., it is the filing of the affidavit, and not the truth of it, that constitutes an "answer" to the defendant's demand.

2. SAME—INFANTS SUING BY NEXT FRIEND.
   It seems that the statute requires the personal affidavit of each plaintiff who is sui juris, but, where some of them are infants, the affidavit of their next friend, who represents them, will suffice.

3. SAME—TIME OF FILING AFFIDAVIT.
   Though the affidavit is not filed until after the granting, upon notice to plaintiff, of an order for a cost bond, it is not too late, for the order itself is a "demand" which the plaintiff may thus "answer and avoid."

This was an action at law by Delia M. McDuffee and others against the Boston & Maine Railroad Company. The case was heard upon a motion made by plaintiffs to set aside an order requiring them to give a cost bond.

Chas. A. Prouty, for plaintiffs.

John Young, for defendant.

WHEELER, District Judge. The defendant, on notice, procured an order for a cost bond to be filed by November 15th next. An act of July 20, 1892, provides that any citizen of the United States entitled to sue in any court of the United States may do so "without being required to prepay fees or costs, or give security therefor before or after bringing suit or action upon filing in said court a statement under oath in writing that because of his poverty he is unable to pay the costs of said suit or action which he is about to commence, or give security for the same, and that he believes he is entitled to the redress he seeks by such suit or action," and that, after suit brought, "the plaintiff may answer and avoid a demand for fees, or security for costs, by filing a like affidavit." 27 Stat. 252 (2 Supp. Rev. St. p. 41). The plaintiffs are a widow and infant children, and have, since the order, filed the widow's affidavit setting forth the circumstances, and that they are unable, by reason of their poverty, to give the cost bond required by the order; and the defendant has filed proof tending to the contrary. The statute does not, however, provide that the affidavit shall not, if untrue, be an answer to a demand for security for costs in an action pending, but only that the court "may dismiss any such cause so brought under this act, if it be made to appear that the allegation of poverty is untrue," and that willful false swearing in the affidavit shall be punishable as perjury. The filing of the affidavit, and not the truth of it, is what the statute makes an answer to the demand. And, if the affidavit might be avoided by being disproved, the defendant's evidence merely shows that she has a house and lot worth $1,800, subject to mortgages of $1,300, which, without proof of her other circumstances, might not be sufficient to overcome the affidavit. The statute seems to require the

personal affidavit of plaintiffs, and of each who is sui juris; but these infants are not, and they are so represented by their mother as next friend that her affidavit is sufficient. As this affidavit was not filed in answer to the motion before that was heard, but after the order, a question is made as to whether it is in due season. If the demand of the statute was no more than a motion, it would not be; but the word is broader, and the order is itself a demand, as well as the motion, although more imperative; and so the statute seems to cover this, with all other, demands. The present motion is to set aside the order, but the effect given to the affidavit by the statute is to answer, not to set aside; and the effect here is not to set aside the order, but to answer it. Order of cost bond answered.