WICKELMAN v. A. B. DICK CO.

(Circuit Court of Appeals, Second Circuit. March 2, 1898.)

No. 98.

1. COSTS—ACTION IN FORMA PAUPERIS.

The act of July 20, 1892 (27 Stat. 252), providing when a plaintiff may sue as a "poor person," does not apply to one who is in receipt of a salary of $20 per week, and who pays a rent of $200 per year for the house he occupies.

2. APPEAL—SECURITY.

An appeal to the circuit court of appeals may be perfected notwithstanding the security has not been given within six months after the entry of the decree sought to be reviewed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Seward Davis, for the motion.

F. A. Wickelman, opposed.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. It is unnecessary to decide whether the act of congress of July 20, 1892 (27 Stat. 252), entitled "An act providing when plaintiff may sue as a poor person," etc., applies to a defendant, or authorizes an appeal to this court to be prosecuted without giving the security required by section 1000 of the Revised Statutes of the United States. The motion to dismiss the appeal proceeds in part upon the ground that the allegation of poverty in the affidavit filed by the appellant is untrue. That allegation has been found to be untrue by the master to whom the question of its truth was referred, and we concur in his conclusions. We do not mean to imply that the appellant committed perjury, or that he did not believe his circumstances to be such as to justify the affidavit which he made. But he was at the time in receipt of a salary of $20 per week, and was paying a rent of $200 per annum for the house which he occupied. A person thus situated is not a poor person, within the meaning of the statute. Section 4 of the act authorizes a dismissal of the appeal under these circumstances, and it will accordingly be dismissed unless within 10 days the appellant gives the necessary security. An appeal may be perfected notwithstanding the security has not bee given within six months after the entry of the decree sought to be reviewed. The Dos Hermanos, 10 Wheat. 306; Edmonson v. Bloomshire, 7 Wall. 306; Brandies v. Cochrane, 105 U. S. 262; Evans v. Bank, 134 U. S. 330, 10 Sup. Ct. 493.