VOLK v. B. F. STURTEVANT CO.

(Circuit Court of Appeals, First Circuit.    February 2, 1900.)

1. APPEAL—PROCEEDINGS IN FORMA PAUPERIS.
    It seems that Act July 20, 1892 (27 Stat. 252, c. 209), permitting proceedings in the federal courts in forma pauperis, should be construed to apply to proceedings by appeal or writ of error in the circuit court of appeals.

2. SAME—REQUISITE OF SHOWING.
    To authorize the granting of leave to proceed in forma pauperis under such statute, it must be shown that the petitioner is a citizen of the United

States, and, where he sues as representative of a decedent, the financial condition of the estate, as well as his own, must appear; and inasmuch as the statute is expressly limited to those who are unable to pay the fees or costs of the suit, or to give security for the same, a showing of inability, and not merely inconvenience or hardship, is essential.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Edward H. Savery, for petitioner.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. This is a petition filed by Teresa Volk, administratrix, plaintiff in error, for leave to proceed in forma pauperis under the act of July 20, 1892 (chapter 209, 27 Stat. 252). It appears by the record that the original suit was brought in the circuit court by one Esch, who described himself in his writ as a subject of His Majesty William, the German emperor, and an alien. Therefore, inasmuch as the statute under which the petition was filed is expressly limited to citizens of the United States, Esch could not have availed himself of it. After the suit was entered in the circuit court, Esch deceased, and this petitioner was admitted to prosecute as administratrix of his goods and estate. Neither her petition nor the record shows whether she is a citizen of the United States or an alien. In view of this omission, the petition fails to bring itself within the statute referred to, and might be denied on that account.

Moreover, the petition contains no facts with reference to the financial condition of the estate of Mr. Esch; and, as that estate may be in condition to furnish the necessary funds and security for fees and costs, and as, moreover, it would be holden to make good to the petitioner whatever fees or costs she might be required to pay, the petition ought to set out its financial condition, as well as the financial condition of the petitioner individually. As it fails to do this, it might also be denied on this account.

The question has been raised whether this statute applies to writs of error and appeals. Wickelman v. A. B. Dick Co., 29 C. C. A. 436, 85 Fed. 851; Brinkley v. Railroad Co. (C. C.) 95 Fed. 345, 354. The view has been expressed in this circuit, in Columb v. Manufacturing Co. (C. C.) 76 Fed. 198, that it does. Certainly this is within its equity, and is not excluded by its letter.

Aside from the defects to which we have called attention, and which possibly may be overcome by amendments, the petition alleges that the petitioner is a laundress; but it admits that she has about $600 out in loans to different persons, and about $200 in some savings bank. She attempts to excuse the force of these facts by a statement that she cannot take these funds for the purpose to which the petition relates, because it is all she has with which to provide for herself in case of illness, and for her old age. Nevertheless, the statute is expressly limited to those who are unable to pay the fees or costs of the suit, or to give security for the same. The record in this case is brief, and the fees and costs involved would be so

small that this court cannot determine judicially that a person of the means which the petitioner possesses has the inability which the statute requires. Therefore we must deny the petition. Nevertheless, inasmuch as the record is brief, as we have already said, the court, under the circumstances, would be disposed to listen favorably to an application to hear the case on a sufficient number of clear typewritten copies being furnished for that purpose.

Ordered, that the petition of Teresa Volk, administratrix, for leave to proceed in forma pauperis, be denied.