## WOODS v. BAILEY.

### (Circuit Court, M. D. Pennsylvania. October 7, 1901.)

SECURITY FOR COSTS—AFFIDAVIT OF POVERTY—SUFFICIENCY.

An affidavit of poverty under Act July 20, 1892 (27 Stat. 252), should be so certain in its statements that a charge of perjury could be based thereon if false; and such an affidavit, stating that demand has been made upon plaintiff by defendant to give security for costs in the sum of $1,000, and "that by reason of her poverty she is unable to give security for said costs," is not sufficient, since it might be fairly claimed that the inability had reference to the amount of security demanded, and was relative and not absolute. Quære, whether security for costs is demandable of a nonresident plaintiff, in view of the statutes giving jurisdiction on the ground of diverse citizenship.

At Law. Action by plaintiff, a citizen of Ohio, against defendant, a citizen of Pennsylvania. Rule on plaintiff, as a nonresident of the district, to give security for costs.

The rule of court of the Western district, in which the case was originally brought, provides that "in any action wherein the plaintiff or complainant resides out of the Western district of Pennsylvania, the defendant, on motion, and affidavit of a just defense against the whole demand, may have a rule that the plaintiff give security for costs, and that proceedings on the part of the plaintiff or complainant be stayed until such security be given."

T. M. B. Hicks, for plaintiff.
J. T. Fredericks, for defendant.

ARCHBALD, District Judge. Under the rule of the Western district (to which this case formerly belonged), which, with other rules, has for the time being been made a rule of this court, the plaintiff, as a nonresident, is called upon to give security for costs. This is a practice which obtains in the state courts in Pennsylvania, but whether it has a generally recognized standing in the federal courts throughout the country I do not know. In 2 Abbotts' United States Practice, p. 280, I find a form which would imply that such might be the case. It does not seem altogether consistent with the statutes which give express jurisdiction on the ground of diverse citizenship, but the point is not raised, and I do not pass upon it.

By act of July 20, 1892 (27 Stat. 252), it is provided:

"That any citizen of the United States entitled to commence any suit or action in any court of the United States may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs or give security therefor before or after bringing suit or action, upon filing in said court a statement under oath, in writing, that because of his poverty he is unable to pay the costs of said suit or action which he is about to commence or to give security for the same, and that he believes he is entitled to the redress he seeks by such suit or action, and setting forth briefly the nature of his alleged cause of action.

"Sec. 2. That after any such suit or action shall have been brought * * * the plaintiff may answer and evade a demand for fees or security for costs by filing a like affidavit, and wilful false swearing in any affidavit provided for in this or the previous section shall be punishable as perjury is in other cases."

Seeking to avail herself of this statute, the plaintiff has filed an affidavit, in which, after setting forth her alleged cause of action, and affirming the belief that she is entitled to the redress she seeks, she goes on to declare "that demand has been made upon her by the defendant to give security in the sum of one thousand dollars for the payment of the costs of said action, and that by reason of her poverty she is unable to give security for said costs." Does this comply with the act cited? At first blush it may seem to do so, but, after due consideration, I do not feel that it does. It will be noted that the plaintiff states that a certain specified amount of bail has been demanded of her, and it is in immediate connection with this that she declares her inability by reason of poverty to secure the costs. The two matters are so linked together in the affidavit that I am warranted in concluding that they were in the mind of the affiant, and that it was only as to the amount mentioned—$1,000— that she intended to speak. To swear falsely—willfully false, of course—in a case of this kind is made perjury by the act, and the affidavit ought, therefore, to be sufficiently certain to found an indictment upon it, with as little chance as possible for evasion of its terms. In a prosecution based on the affidavit which we have here there would be fair ground for the affiant saying, in extenuation of what she swore to, that her assertion of poverty related wholly to the large amount of security demanded, and that it was not absolute, but relative. It was to this that her attention was naturally

directed, and to which we may assume that her statement was addressed. But this does not meet the case before me, nor the act. If I were to fix the security at $1,000, it might. But that is not my intention, nor was that amount contended for at the return of the rule. This affidavit was not presented at that time, although it was stated by counsel that it had been forwarded to his client for execution, and would be handed in later, as it has been. The amount of bail there asked for was $500. This the plaintiff's counsel declared his client could not give, but probably could give $100. If the affidavit be taken as one of absolute poverty, she cannot give any. As already intimated, however, I do not so construe it. It is to be taken merely as an assertion that she cannot furnish $1,000. Whether she could any less sum than that is not stated. Construed in this way, it is not addressed to the case as it stands, and is not sufficient. As to the amount, I consider $500 too much, and $100, on the other hand, too little. The usual amount required in the state courts is $200, which has been found by experience to be generally enough. I will raise this a little, and make it $250, but that is as far as I can go. I am not inclined in this or any other case to make it so large as to have it stand in the way of parties freely availing themselves of the jurisdiction expressly conferred on the court by law.

The rule is made absolute, and the plaintiff is required within 30 days to give bail in the sum of $250, with one or more sufficient sureties, to secure the costs; all proceedings to be stayed in the meantime.