### WOODS v. BAILEY.

(Circuit Court, M. D. Pennsylvania. February 12, 1902.)

**1. SECURITY FOR COSTS—AFFIDAVIT OF POVERTY.**
Plaintiff may file a proper affidavit of poverty, though a former affidavit of poverty, under Act July 20, 1892 (27 Stat. 252), has been adjudged insufficient, and an order to give security for costs has been made.

**2. SAME—TRUTH OF AFFIDAVIT—HOW CONTESTED.**
The filing of the affidavit of poverty, under Act July 20, 1892 (27 Stat. 252), and not the truth of it, constitutes the answer to defendant's demand for security for costs, and defendant can only contest this truth by a motion to dismiss under the fourth section.

T. M. B. Hicks, for plaintiff.
J. T. Fredericks, for defendant.

ARCHBALD, District Judge. By a previous order of this court, the plaintiff, as a nonresident of the district, was required to give security for costs in the sum of $250. 111 Fed. 121. Before that

order was made, on a rule taken upon her to give such security, she endeavored to avail herself of the act of July 20, 1892 (27 Stat. 252), by filing an affidavit of poverty, but it was adjudged insufficient, and the order made. She now comes in with one which is sufficient in form, and the question is whether she is entitled to have it considered. In my opinion, she is. While there is quite a little force in the defendant's contention that her plea of poverty has been heard and disposed of, at the same time I cannot close my eyes to the fact that the former affidavit was thrown out on the ground that it was evasive, the assertion of poverty not being absolute, but relative, to meet the supposed demand for bail in $1,000, and that the present is an effort to cure its defects. The assertion now is absolute, and, unless the affidavit is received, by a mere slip in the form of oath previously taken she may be deprived of a substantial right. I do not think the law should be so administered, and, considering the matter as within my discretion, I will allow the affidavit to come in. In a measure, it may still be regarded as in time, within the meaning of the act; for the order for security is a demand to which the plaintiff makes answer by the affidavit now presented, and thus comes within its terms. It was so held in McDuffee v. Railroad Co. (C. C.) 82 Fed. 865, where an affidavit was received after an order for security had been entered; and in Whelan v. Railway Co. (C. C.) 86 Fed. 219, a second more specific affidavit was allowed to meet the exigencies of the case; while in Reed v. Pennsylvania Co., 111 Fed. 714, the court, in denying an application because the affidavit was not sufficient, expressly provided that it should be without prejudice to a renewal upon one that was. These cases seem to indicate a liberality of practice which I am not inclined to abridge.

It is further urged by counsel that the defendant is entitled to produce evidence to contradict the affidavit, and show that the plaintiff is not the poor person she claims to be; but, upon a careful reading of the statute, I do not think, at the present stage of the case, it can be done. The affidavit, if sufficiently direct and positive, is, in the first instance, to be taken as true, and the plea of poverty accepted. But this does not leave the opposite party without remedy. In the first place, by the second section of the statute, if the affidavit is willfully false the affiant may be prosecuted for perjury; and in the next place, by the fourth section, the court may dismiss the case, "if it be made to appear that the allegation of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious." Under this section, it has, indeed, been held that upon the presentation of an affidavit the court may inquire into the facts, and grant or refuse relief, according as it is found true or otherwise. This was the course pursued in Boyle v. Railroad Co. (C. C.) 63 Fed. 539, and in Brinkley v. Railroad Co. (C. C.) 95 Fed. 345, both decided by Hammond, J.; and a similar view seems to have been taken in Whelan v. Railway Co. (C. C.) 86 Fed. 219, where it was declared by Lacombe, J., that the act does not secure an unrestricted right to prosecute as a poor person, a preliminary investigation being provided for by the fourth section. So, in Whittle v. Railway Co. (C. C.) 104 Fed. 286, it was said by Trie-

ber, J., that "this [fourth section] clearly demonstrates that, before such leave will be granted, there must be some kind of showing made to the court that there is reasonable cause to believe that, if permitted to prosecute the suit in forma pauperis, the plaintiff is likely to recover something by his action." But, with due respect to the eminent judges who have so ruled, the true construction of the act, in my judgment, is that put upon it by Wheeler, J., in McDuffee v. Railroad Co. (C. C.) 82 Fed. 865, where it was held that a demand for security for costs is fully met by the filing of an affidavit, without more. "The statute does not * * * provide," it is there said, "that an affidavit shall not, if untrue, be an answer to a demand for security in an action pending, but only that the court may dismiss any such cause so brought under the act, if it be made to appear that the allegation of poverty is untrue. * * * The filing of an affidavit, and not the truth of it, is what the statute makes an answer to the demand." Following this view, I therefore hold that, on filing an affidavit in proper form, the party is entitled to proceed with the case in forma pauperis, leaving it to the opposite party to contest the truth of the affidavit on a motion to dismiss, if desired. This was the course pursued in Wickelman v. A. B. Dick Co., 85 Fed. 851, 29 C. C. A. 436, and seems to me to be the one to be observed. It raises the issue in an orderly way, and after a full hearing, in which both parties have opportunity to produce the evidence pro and con, it enables the court to act directly and effectively upon the question. All that the statute, at the outstart, in terms, requires, is an affidavit, without particulars, that, because of poverty, the party is unable to pay the costs or give security for them, and not until this allegation has been called in question can he be expected or prepared to maintain its truth. Until this is done, by a motion to dismiss on a proper countershowing the affidavit of the applicant must stand. As strengthening this construction, it is to be noted that the only question before the court on such an application is whether or not it shall be granted; a refusal being the only possible adverse result. But in proceedings under the fourth section much more is contemplated. The power is there given to end the case by an order of dismissal, if either the allegation of poverty is found untrue, or the cause of action is deemed malicious or frivolous, and this double inquiry is entirely inappropriate and unprovided for in disposing of the preliminary question whether the plea of poverty shall prevail. A dismissal is the penalty attached to a false plea successfully made, and is inapplicable to an effort which has failed. It is a summary remedy, necessary, no doubt, to hold in check the temptation to resort to the statute, but because of its drastic character it is not to be allowed except in the way that is there pointed out. The applicant, having invoked the law, cannot complain if its provisions are turned against him, but he is entitled to have it done, not only in the way that affords him the fullest opportunity to be heard, but in the way that the law provides. Considering, therefore, that the remedy given by the fourth section is distinct and specific, it must be specifically and separately pursued. It is the method provided by the statute for testing the falsity of the

affidavit, and is not to be drawn into the preliminary inquiry when the affidavit is presented, where the question of its formal suffi ciency is alone involved.

The plaintiff having now filed an affidavit of poverty which con forms to the requirements of the statute, the order heretofore made, that she give security for costs, is set aside.