## WOODS v. BAILEY.

### (Circuit Court, M. D. Pennsylvania. May 18, 1903.)

### No. 1.

1. SECURITY FOR COSTS—ACT JULY 20, 1892—AFFIDAVIT OF POVERTY,—DISMISSAL OF ACTION WHEN FOUND UNTRUE.

Where, on a rule to give security for costs, a nonresident plaintiff has interposed an affidavit of poverty under Act July 20, 1892, 27 Stat. c. 202 [U. S. Comp. St. 1901, p. 706], the action will be subsequently dismissed, on a rule taken for that purpose, where it is shown by the proofs that the allegation of poverty is not true.

2. CONSTITUTIONAL RIGHT TO TRIAL BY JURY—HOW BARRED.

The plaintiff, having invoked the provisions of the statute relieving from the requirement to give security for costs, is bound by its other provisions, which require the court to dismiss the action if the plea of poverty is found to be untrue, and cannot interpose the constitutional right to trial by jury thereto.

On Rule to Show Cause Why Action should not be Dismissed.

T. H. B. Hicks, for plaintiff.

J. T. Fredericks, for the rule.

ARCHBALD, District Judge. If the views previously expressed in this case are to be adhered to (113 Fed. 390), the rule which has been taken must be made absolute, and the action dismissed. As was there said, the plaintiff's affidavit of poverty, if direct and positive, was sufficient in the first instance, under the statute (Act July 20, 1892, 27 Stat. 252, c. 209 [U. S. Comp. St. 1901, p. 706]), to meet the demand upon her for security for the costs; but if controverted by a motion to dismiss, such as is now made, the case was liable to be put out of court if the plea of poverty, after a full hearing of the parties, was found to be untrue. This is the express provision of the fourth section of the statute, and I cannot refuse to execute it if the condition exists. The defendant has shown by depositions that the plaintiff is possessed of a house and lot worth $1,600, and, while it is incumbered with a mortgage of $600, there is still left a clear value of $1,000, which, while it may not amount to affluence, is a long way off from poverty, against which alone the statute gives relief. Op-

posed to this showing, we have nothing but the reiterated declaration of inability found in the plaintiff's answer to the petition to dismiss, which amounts to nothing in the face of the direct proof. Nor is the right to dismiss confined, as it is argued, to actions begun in forma pauperis, but is equally applicable at whatever stage the act is invoked. According to its provisions, the court "may dismiss any such cause so brought under this act, if it be made to appear that the allegation of poverty is untrue." The healthful restriction thus imposed is not to be put aside by a narrow construction, and a case is "brought under the act," within its meaning, if not, indeed, its strict letter, whenever at any time and for any purpose a resort is had thereto.

It is said, however, that the plaintiff is entitled, under the Constitution, to have her case tried by a jury, and that she cannot be put off with anything less. But assuming, what has all along been conceded, that, on account of her residence out of the district, the defendant had a right to demand that security for the costs be given, as provided by the rules, having invoked the protection afforded by the statute to be relieved from this requirement, the plaintiff is bound by the provisions which make against her if she is found to have interposed a false plea.

Satisfied, therefore, as I am from the evidence, that there is no truth in the plaintiff's assertion of poverty, the rule is made absolute, and the action is dismissed.