**NOLL et ux. v. UNION JOINT STOCK LAND BANK OF DETROIT.**

No. 6088.

Circuit Court of Appeals, Third Circuit.

May 20, 1936.

John N. Landberg, of Philadelphia, Pa., for appellants.

George V. Hoover, of Harrisburg, Pa., George B. Johnson, of Westchester, Pa., and Walter H. Compton, of Harrisburg, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

PER CURIAM.

This cause concerns itself with the regrettable situation of a mortgage created during the period of high farm land prices, and the enforcement of payment during the period lately, and still present, of the absence of any real market for farm properties.

The mortgagors have been in default since November 1, 1932, and unpaid taxes, said to have now reached the sum of $1,500, have in effect been added to the mortgage debt.

The petition was filed under the original Frazier-Lemke Act (June 28, 1934, 48 Stat. 1289), and a restraining order issued. This was on July 25, 1935, vacated without objection after the Supreme Court had ruled the act to be unconstitutional. It was on September 10, 1935, reinstated under the provisions of the amended act (Act Aug. 28, 1935, 11 U.S.C.A. § 203(s), and again vacated by the court after a hearing on December 26, 1935. On February 26, 1935, a second reinstatement order was made and an ex parte restraining order issued; the former like order having been overlooked owing to a change of counsel by the petitioners. This second restraining order was on February 29, 1936, vacated by the court because it had been inadvertently entered. No exception was at the time taken, but it is the vacation of this order which is assigned for error. After the vacating order of December 26, 1935, the mortgaged premises were sold under execution process and a deed was duly delivered to the sheriff's vendee.

It is clear from this recital that the question sought to be raised by appellants.

has become moot, and any order of reinstatement would be an idle gesture.

In view of this we see no need to allow the appeal in forma pauperis, and the petition therefor is denied and the appeal taken dismissed.