## RUDY et ux. v. FEDERAL LAND BANK OF BALTIMORE.

### No. 6291.

Circuit Court of Appeals, Third Circuit.

July 13, 1937.

John N. Landberg, of Philadelphia, Pa., and Wolfe Rosenberg, of Harrisburg, Pa., for appellants.

I. P. Whitehead, Peyton G. Jefferson, and J. L. Bitner, all of Baltimore, Md., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

This was an application for permission to proceed in forma pauperis.

It appears that Mr. Rudy had for a number of years been employed at the Hershey Chocolate Corporation at Hershey, Pa., and for more than one and one-half years his average earnings have been above $75 per month. We did not think that under these circumstances the appellants were entitled to proceed in forma pauperis. Wickelman v. A. B. Dick Company (C.C. A.) 85 F. 851; Volk v. B. F. Sturtevant Company (C.C.A.) 99 F. 532; Noll et ux. v. Union Joint Stock Land Bank of Detroit (C.C.A.) 84 F.(2d) 568. However, in order that we might hear the merits of the case, we agreed, with the consent and

approval of all parties, to treat the application to proceed in forma pauperis as an appeal, to hear the arguments on the merits and have the record before the District Court brought up.

Rudy and his wife executed a bond and mortgage on their property for either $6,-000 or $7,500. The District Court in its opinion says the amount was $6,000, while the appellants in their brief say the amount was $7,500. At any rate, judgment was confessed on April 15, 1935, against the appellants for $7,456.35. Execution was issued, and the sheriff on May 10, 1935, advertised the property for sale, but a petition in bankruptcy had been filed nine days before, on May 1, and the question was referred to a conciliation commissioner. On recommendation of the commissioner the petition was dismissed.

Thereafter the appellants filed a petition in the court of common pleas of Lebanon county for relief in the nature of a stay of execution under the State Moratorium Act of 1933 (Act May 18, 1933 P. L. 826, as amended [12 P.S. § 2209 et seq.]), but the court dismissed the petition and the Supreme Court refused to allow a supersedeas and stay. The sheriff's sale was fixed for August 16, 1935, but on August 12 the appellants filed a second petition in bankruptcy. However, the sheriff was not restrained and the sale took place. The Land Bank bid in the property for cost and taxes amounting to $863.73. Before the deed was delivered the second Frazier-Lemke Amendment (11 U.S.C.A. § 203) was enacted, and, upon petition of appellants to the District Court, the latter petition in bankruptcy was merged with the former petition which was allowed to be reinstated and so the sheriff's deed was not delivered. The case was again referred to the same conciliation commissioner. He later filed his report in which he recommended that the petition be dismissed on the ground among others that the debtor was not a bona fide farmer. Exceptions were filed to this report, and after argument the District Court entered an order dismissing the exceptions and petition on the ground that the appellants were not farmers, and from that order an appeal was taken to this court.

The appellants admitted that they had not personally cultivated their farm for over four years. They said, however, that they had rented it, but there is nothing whatever in the record to show how much, if anything, they have received from the farm,

and so it cannot be found as a fact that the principal part of their income has been derived from farming.

Consequently we cannot say that the District Court erred in dismissing the exceptions to the report of the conciliation commissioner and in dismissing the appeal.

The order is accordingly affirmed.