UNITED STATES of America

v.

Saverio L. PELLEGRINI.

Crim. No. 61–196.

United States District Court
D. Massachusetts.

Jan. 25, 1962.

See also 198 F.Supp. 440.

W. Arthur Garrity, Jr., U. S. Atty., Daniel B. Bickford, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Francis J. DiMento, Boston, Mass., for defendant.

CAFFREY, District Judge.

Defendant was convicted on 13 counts for violating 26 U.S.C.A. § 7206(2). He has filed a motion for leave to prosecute appeal in forma pauperis.

A 28-count indictment was returned against defendant on July 12, 1961. He then owned and was living with his wife and two children * in a two-family house on Maverick Street, East Boston. This house also contained a room on the third floor which is rented at $7.00 per week. Defendant's family occupied one of the two apartments and the other was rented. Defendant purchased this house in 1947 for $3500.00. In 1961 this property, which was then valued at about $6500.00, was subject to an outstanding mortgage of $1600.00. Shortly before the indictment was returned defendant purchased a 1961 Buick automobile which he still owns. He owes a balance of $2239.00 on a note secured by this car which he says has a "red book" value of $2350.00. Defendant did not appear at the hearing on this motion and the Court has nothing before it to establish the true value of this automobile.

About five weeks *after* the indictment was returned defendant purchased a one-family ranch-type home in West Peabody and paid $18,300 therefor. As part of the financing of this purchase the $1600.00 mortgage was discharged and a "blanket" mortgage secured by both the East Boston and the Peabody properties was executed by defendant in the face amount of $20,100. Defendant states there is presently due on this mortgage a balance of $19,936. In the affidavit filed by defendant on January 19, 1962, in support of the motion, he expressed his opinion that the combined value of the two properties was $21,000.

As a result of questions by the Court to counsel for the defendant at the hearing on motion for leave to prosecute appeal in forma pauperis, defendant filed a supplemental affidavit on January 24, 1962, stating that his counsel had been advised that the East Boston Savings Bank, holder of the mortgage, had placed a combined value of $25,500 on these properties, "but only for the purpose of

---

* sons aged 19 and 15.

supporting the loan and that such value does not necessarily have any relation to fair market value." Although it was not offered in evidence counsel for defendant stated that he had an appraisal from one Edward DeSimone, of East Boston, not otherwise identified or qualified, to the effect that the new house in Peabody was worth $17,000. Defendant's first affidavit likewise claimed the existence of unsecured obligations totaling $2247.00. At the hearing counsel read into the record a breakdown of these debts which indicated that several of them were for furnishing the new house.

On the basis of what is before me with regard to the value of the two pieces of real estate owned by defendant I am applying the presumption of the regularity of business affairs and I consider the value of these properties to be the value placed on them by the East Boston Savings Bank, which results in defendant having an equity in these properties of $5564.00 rather than the equity of $1064.00 claimed by defendant in his first affidavit on the basis of his unsubstantiated opinion that the value of the two properties was only $21,000.

The first affidavit likewise demonstrated, in paragraph 7 thereof, that in a four-week period defendant and his wife have a combined "take home" pay of $344.97. As a result of another question to counsel at the hearing defendant's second affidavit disclosed rental income from the East Boston house in the amount of $135.00 per month. Against this defendant claims he has expenses of about $60.00 a month for electric, gas, and heating bills. While there has been no showing that it is customary for the owner of a two-family house to pay these expenses for his tenants I will assume in favor of the defendant that these are bona fide deductions and that the net income from the East Boston house is $75.00 a month. This when added to the earnings of defendant and spouse produces a monthly income figure of $419.97.

While it is clear that in order to enjoy the benefits of 28 U.S.C.A. § 1915 one need not be destitute, Adkins v. E. I. Du Pont De Nemours & Company, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948), I am far from persuaded that this defendant has brought himself within the class of persons Congress intended to receive the benefits of this statute. See Wickelman v. A. B. Dick Co., 85 F. 851 (2 Cir., 1898); Volk v. B. F. Sturtevant Co., 99 F. 532 (1 Cir., 1900); Woods v. Bailey, 122 F. 967 (C.C.M.D. Pa.1903). It is inconceivable that Congress intended to saddle the public with the burden of paying the cost of appeal by a defendant who *after indictment* voluntarily purchases and furnishes a new single-family residence while owning another residence not shown to be inadequate to the needs of his family, who is of sound health, and who has available a monthly income in excess of $400.00.

Motion of defendant for leave to prosecute appeal in forma pauperis denied.