**Joshua McKELTON, Appellant,**

v.

**Joseph E. BRUNO, Appellee.**

**No. 3949 Original.**

District of Columbia Court of Appeals.

April 27, 1970.

---

**494**

Florence Wagman Roisman, Washington, D. C., was on the motion for appellant.

No opposition was filed on behalf of appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges, in chambers.

NEBEKER, Associate Judge:

Appellant, a tenant who has been sued for possession of premises, has now been permitted to proceed on appeal without prepayment of costs. McKelton v. Bruno, U.S.App.D.C. (No. 22,628 decided February 17, 1970). Relying on Lee v. Habib, 424 F. 2d 891 (D.C.Cir., decided January 22, 1970), he now requests that a transcript of the proceedings in the trial court be prepared at the expense of the United States. In his motion he informs us that the attorney who represented him at trial is no longer in the city and that he has obtained a new lawyer. We are also told that many factual issues, including the existence of housing code violations, were presented at trial and resolved against him as revealed in the written opinion of the trial judge. Appellant then says: "Without a transcript, [his new lawyer] cannot identify, nor can the court review all of these factual issues." It is not clear what is meant by our "review" of these factual issues, but appellant should not be led to believe that he may have a trial *de novo* on such issues in this court. *See* D.C.Code 1967, § 17–305(a).

In Lee v. Habib, *supra*, the United States Court of Appeals for the District of Columbia Circuit held that

> "* * * the United States must pay for transcripts for indigent litigants allowed to appeal *in forma pauperis* to the District of Columbia Court of Appeals if the trial judge or a judge of the District of Columbia Court of Appeals certifies that the appeal raises a substantial question the resolution of which requires a transcript. We do not hold that every civil case will require a transcript on appeal." (Footnote omitted.)

The footnote clearly contemplates the granting of a partial transcript if warranted by the required certificate. Appellant does not contend that he has made a request of the trial judge for the required certificate or for the necessary transcript. Moreover, he does not specifically inform us whether he desires the entire transcript or simply relevant testimonial parts, but we assume he wants the entire transcript including what may contain unnecessary colloquy.

In its opinion in Lee v. Habib, *supra*, the United States Court of Appeals discussed but avoided deciding constitutional questions it found presented by the fact that people of varying financial capacity appear before our courts for resolution of their disputes. Presumably, had it been unable to decide the case on statutory grounds, as

in Tate v. United States, 123 U.S.App.D.C. 261, 359 F.2d 245 (1966), relating to transcripts in criminal cases, it would have concluded that equal protection and due process considerations require public funding of litigation for those who are willing and presumably able to aver that they cannot afford the cost on their own.[1] In any event, such a requirement is now deemed to apply in the District of Columbia by virtue of construction of various federal and local code provisions.

In the course of its opinion in Lee v. Habib, *supra,* the court appears to have left major aspects of implementation open for further determination. One is whether the trial court should first be asked to make necessary certification and decision as to the amount of transcript required. Another is whether, absent such certification or in the event of disagreement as to the amount of transcript to be prepared, this court should be furnished with a statement of reasons behind that initial decision.[2]

■ We think that the proper role of this court is to sit in review of such decisions rather than permit a practice of single judge *de novo* consideration of trial court action on a transcript request. Accordingly, we adopt a practice whereby all requests · for free transcript first be made to the trial judge. Should the required certification be denied, a concise statement of the reasons should be made for the record. If a dispute arises as to the amount of transcript required, the trial court should similarly supply a statement of its reasons for the limitation.

Care should be exercised to avoid ordering prolonged and irrelevant portions such as bench conferences and other colloquy or legal argument. Transcript should be ordered based upon the issues certified to exist and not for the purpose of permitting counsel to comb through the transcript hunting for them. Lee v. Habib, *supra,* at 905. We think it important, in this sphere of responsibility, that the trial judge should be circumspect in awarding a complete transcript simply because such an order will save the time of the court. Unlike criminal cases, where the demand placed on appointed counsel, unfamiliar with the proceedings at trial, is so great as to require an entire transcript (*see* Hardy v. United States, 375 U.S. 277, 280, 84 S. Ct. 424, 11 L.Ed.2d 331 (1964) ; *see also* Rule 52(b), Fed.R.Crim.P.), civil cases do not generate such a demanding standard that new counsel be permitted, at government expense, to comb the record in search of error, plain or preserved, for review. Indeed, the court in Lee v. Habib, *supra,* recognized that a rule indiscriminately permitting complete transcripts at public expense in civil cases would also work an invidious discrimination against those who pay their own way. *Id.* at footnote 59. It is, after all, not too much for taxpayers to expect the courts, in their quest for equalized justice, to avoid making the position of the indigent before the bar of justice superior to the position of those who, through sacrifice, pay their own way.

Therefore, in passing on a request for transcript in civil cases at public expense, the trial court may appropriately keep in mind that any parts of the trial proceedings unnecessary to resolution on appeal of discernible "substantial" questions should not be ordered. In making this decision the trial court should apply the same standard which governs "[c]ivil litigants appealing with their own funds [who] weigh their probabilities of success on appeal and the value to them of a victory against the possible costs of an appeal." *Id.* In this

---

1. The magnitude of such a holding, if applied to the states, hardly needs explanation.

2. We note that the opinion in Lee v. Habib, 424 F.2d 891, at 904 (D.C.Cir., decided January 22, 1970), equates the power of a single judge of this court to circuit judges respecting their *de novo* power to make the certification required under 28 U.S.C. § 753(b) (1964).

way we will avoid creating an unequal and inferior standard of justice for paying litigants while endeavoring to equalize the indigent's position. Moreover, it is also mandatory to avoid unnecessary delay and over-taxing of the already burdened reportorial staff of the trial court. Surely this would result from wholesale orders of the entire transcript in civil cases such as this.

■ One additional matter requires discussion and resolution. Notably absent in Lee v. Habib, *supra*, was an appearance in the United States Court of Appeals by or on behalf of the United States. Presumably it was not given notice that a new rule of law was about to call further on the public treasury.

> "While a public official may not intrude in a purely private controversy, permissive intervention is available when sought because an aspect of the public interest with which he is officially concerned is involved in the litigation." Nuesse v. Camp, 128 U.S.App.D.C. 172, 184, 385 F.2d 694, 706 (1967).

*See also* Shapiro, Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators, 81 Harv.L.Rev. 721, 734–36 (1968). Obviously, the United States had sufficient interest in the decision to be permitted to intervene on appeal if it chose to do so. *See, e. g.,* Hudson v. Hardy, 424 F.2d 854 (D.C.Cir., decided February 12, 1970); Zuber v. Allen, 128 U.S.App.D.C. 297, 387 F. 2d 862 (1967); Wolpe v. Poretsky, 79 U.S. App.D.C. 141, 144 F.2d 505 (1944). *Cf.* Rule 24, Fed.R.App.P. We think the same may be said now for this case since, by the motion for transcript, public funds may be expended for that purpose. Ac-

cordingly, we conclude that a copy of the motion for transcript should be served on the United States Attorney. In this way the United States may seek limited intervention to challenge the affidavit of indigency if it is believed to be false [3] or to take a position regarding the issue of certification of a substantial question and need for transcript.

More important, however, regarding intervention by the United States, is the possible windfall position of the appellee who stands to get free use of the transcript when prepared. Appellee's counsel should be required to participate in the proceedings on the transcript motion. He can obviously assist the court, particularly where, as here, appellant has new counsel. To that end, Congress has provided a means whereby cost of the transcript may be assessed against an unsuccessful party on appeal. *See* 28 U.S.C. § 1915(e) (1964). Thus, participation by the United States may permit it to claim that costs of the transcript be later assessed against appellee should such be considered appropriate. [4] Consistent with the initial premise in Lee v. Habib, *supra,* of requiring similarity of rules, practice and procedures pertaining to transcript between the District Court and the Court of General Sessions, an appellee should be in no better position simply because the appellant in his case is proceeding in forma pauperis. Appellee's duty to provide additional transcript or force appellant to do so should fall on appellee here just as it would if appellant were paying for the appeal. *See* Lee v. Habib, *supra* note 59, 424 F.2d at 904; D.C.Code 1967, § 13–101; and McKelton v. Bruno, *supra,* slip opinion at 2. *Cf.* Rule 10(b), Fed.

---

3. *See* 18 U.S.C. §§ 1001 & 1621 (1964). *See also* McKelton v. Bruno, U.S.App. D.C. (No. 22,628, decided February 17, 1970) slip opinion at 3 n. 5 citing Adkins v. E. I. Du Pont de Nemours & Co., 335 U.S. 331, 338, 69 S.Ct. 85, 93 L.Ed. 43 (1948), where it was observed that a false pauper's affidavit might subject the affiant to criminal liability. Moreover, in the event of a false affidavit the appeal may be dismissed as Congress contem-

plated upon enactment of the earlier *forma pauperis* statute. 23 Cong.Rec. 5100 (1892); *see also* Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960); and Woods v. Bailey, 113 F. 390 (C.C. Pa., 1902).

4. The trial court has discretion to assess such as cost. *See* D.C.Code 1967, § 15–709; G.S.Civil Rule 54(f).

R.App.P. Accordingly, it may fairly be said that conformity, required by D.C.Code 1967, § 11–935, of "rules, practice and procedure pertaining to fees for transcripts" with that of the District Court permits taxing such costs in favor of the United States if under 28 U.S.C. § 1915(e) (1964) appellant prevailed on appeal.[5]

Accordingly, the motion for transcript at the expense of the United States is denied without prejudice to appellant to promptly file the same in the Court of General Sessions and serving copies thereof on the United States Attorney as well as counsel for appellant, and the conduct of further proceedings consistent with this opinion.

So ordered.

5. Section 1915(e), *supra*, provides in pertinent part:
   " * * * If the United States has paid the cost of a stenographic transcript * * * for the prevailing party, the same may be taxed in favor of the United States."