**UNITED STATES of America,**

v.

**Frederick Edward SCHARF, Jr.**

**Crim. No. 71–613.**

United States District Court,
E. D. Pennsylvania.

Feb. 7, 1973.

Gilbert J. Scutti, Asst. U. S. Atty., Robert E. J. Curran, U. S. Atty., Philadelphia, Pa., for plaintiff.

John D. Egnal, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Presently before the Court is the above captioned defendant's Motion to Proceed on Appeal in Forma Pauperis. The pro-

cedure on leave to proceed on appeal in forma pauperis from the District Court to the Court of Appeals is governed by Rule 24 of the Federal Rules of Appellate Procedure.

That Rule states that a party to an action in the District Court who desires to proceed on appeal in forma pauperis, shall file in the District Court a motion for leave so to proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms to the Federal Rules of Appellate Procedure, his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issues which he intends to present on appeal. If the motion is granted, the party may proceed without further application to the Court of Appeals and without payment of fees or costs in either Court or the giving of security therefor. If the defendant's motion is denied by the District Court, the District Court must state in writing the reasons for the denial.

The question now posed to this Court is: Under what financial circumstances can a person accused of a crime be entitled to legal services at no cost to himself? Unfortunately for the decision-maker, there are no hard and fast standards for determining the right to proceed in forma pauperis. At best the standards are rather flexible and take into consideration many factors. Each case must be judged on its individual merits together with whatever circumstances are peculiar or impelling relative to the particular defendant vis a vis his poverty, indigency, and financial disability. In other words, each decision involves an individual surrounded by his peculiar and particular circumstances and not a number on a docket sheet or a computer print-out. There is no rubric, or litany, or catechism, the recitation of which will cause the decision-maker to arrive at a result or output depending upon the input applied to the rubric, litany, or catechism.

There are, of course, some factors which the Court may consider in

determining whether or not to grant the motion to proceed in forma pauperis. The Court may consider whether or not the defendant owns any real property or personal property, whether he is employed, whether he is the recipient of a pension, or benefits from Social Security, the number of dependents that rely upon him for support and sustenance, the defendant's present liabilities, i. e. his outstanding debts, the seriousness of the charge placed against him, his ability to make bail, and the resources and aid that relatives can lend him. The above mentioned factors have no hard or fast application but are used as guidelines for the aid of the decision-maker in determining whether or not to grant or deny the motion.

The present petitioner owns no real property, is not presently employed, receives no benefits from a pension fund or Social Security, supports and sustains no one but himself, has no outstanding debts, has been convicted of a serious charge involving a high degree of culpability and premeditation, was allowed to sign his own bail, and cannot look to friends or relatives for financial resources to aid him in his appeal. However, he is the recipient of a $1,000.00 bequest from his grandfather, who died in March of 1972. Moreover, at present the defendant has a bank account with a balance of approximately $60.00.

A review of the trend of some courts in determining whether or not to grant or deny forma pauperis would be helpful at this point. Courts have required petitioners to sell real estate, but only if such sale would make the petitioner solvent. In other words, a petitioner will be allowed a forma pauperis appeal where he has considerable real estate holdings, but said holdings are unmerchantable because a governmental body, such as a state, is suing to attach the property. The Courts have also been very permissive in not requiring a petitioner to mortgage his family home and thus casting his family into the street.

If a petitioner is employed and is therefore receiving a regular salary, the courts have denied an appeal in forma pauperis. United States v. Stone, 298 F.2d 441 (4th Cir., 1962). The Court notes here, that while the petitioner is on probation pending appeal, he is not presently employed.

As to the issue of posting bail, the petitioner was required to post a $500 bond pending trial; however, the only security required by the Court for this bond has been the petitioner's signature. The Courts have generally agreed that the ability to post bail is not a proper criterion to consider in the determination of whether or not to grant forma pauperis. The reason behind this decision is simply that there is no way of determining the sources from which the bail money has been derived. The money could have come from persons who have no legal or moral obligation to the petitioner, such as friends and distant relatives, but who feel an interest in the petitioner's welfare and therefore lend their financial aid and support to him. Furthermore, the Courts have determined that it is violative of due process to put the petitioner in the situation of having to choose between (1) posting bail or (2) taking an appeal. Therefore, the Courts have determined that the petitioner should not be forced to choose between posting bail or taking an appeal. The posting of bail should not be considered as a criteria for determining the right to proceed in forma pauperis. Fortunately, the Court has already been relieved of any consideration of the amount posted for bail, since the petitioner is presently on probation and therefore not required to post bail.

The next factor to be considered is the assets of relatives. Assets of relatives who have no legal responsibility for petitioner's welfare, such as the parents of an emancipated child, should not be considered in determining whether the petitioner should be allowed to proceed in forma pauperis. In Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1955), the Supreme Court determined that the right of an indigent to appeal is a personal right of Constitu-

tional dimension, and the financial situation of the petitioner's relatives and friends should have no bearing on the petitioner's right to proceed in forma pauperis. Moreover, relatives could be unduly burdened if they were forced by the Court to bear the weight of the cost of an appeal. A perfect example is the situation where someone is placed in a mental hospital. Society has seen fit not to place the burden on an uncle to bear the cost of his nephew's confinement in a mental hospital. Rather, the state, or society as a whole, has decided to bear the cost of this burden. The law appears clear that relatives may not be required to pay the cost of an appeal.

Yet another factor to be considered is the "voluntary ridding oneself of assets." A court is put in a very difficult situation in determining what is "voluntary." At times, this becomes an almost impossible task. A leading case in this area is United States v. Pellegrini, 201 F.Supp. 65 (D.Mass., 1962), which involved a petitioner who had just purchased a new home subsequent to his indictment.

 Another very important point to be observed is that indigency does not mean insolvency. One does not have to have zero assets in order to proceed in forma pauperis. Moreover, a judge cannot be expected to act as a bankruptcy court in determining whether or not the petitioner has any funds.

 The statutes involving proceedings in forma pauperis have been liberally construed and the petitioner is given every benefit of the doubt in order to decide his petition in his favor. This Court must take an overall view of all the factors set forth in the petition, realizing there are no hard and fast guidelines upon which he can rely.

As to the instant petitioner, Frederick Edward Scharf, Jr., the Court is impressed with the defendant's sincerity of belief, and we do not for one moment doubt that he has taken his appeal in anything other than the utmost good faith. We do not find his appeal to be dilatory or taken for the purpose of delay. However, the petitioner's beliefs are particular to him and to him alone, and this Court cannot justify foisting the cost of an appeal based on beliefs particular to a defendant onto society and the taxpayer as a whole. Were the petitioner indigent, this Court would have no choice but to allow the petitioner to appeal in forma pauperis regardless of his beliefs however widely held in high esteem or however widely despised by society.

 This petitioner is not indigent. He holds a bank account amounting to Sixty ($60.00) Dollars and a bequest amounting to One Thousand ($1,000.00) Dollars. The Court, in all good conscience, cannot say that this petitioner is indigent, and cannot allow him to appeal in forma pauperis.