Yuna Mae TAYLOR

v.

Col. William D. GILLIS, Commander, U. S. Army Support Center, and Mjr. Gen. Abraham J. Dreiseszun, Commander, Defense Personnel Support Center.

Civ. A. No. 73–2913.

United States District Court, E. D. Pennsylvania.

Feb. 18, 1976.

Jeffrey B. Albert, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., and Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

GORBEY, District Judge.

Presently before the court is the above-captioned plaintiff's motion to proceed on appeal *in forma pauperis.* The procedure on leave to proceed on appeal *in forma pauperis* from the district court to the court of appeals is governed by Rule 24 of the Federal Rules of Appellate Procedure which states in part:

"(a) *Leave to Proceed on Appeal in Forma Pauperis from District Court to Court of Appeals.* A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit showing, in the detail prescribed by Form 4 of the Appendix of Forms, his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issues which he intends to present on appeal. If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the district court shall state in writing the reasons for the denial."

In plaintiff's affidavit, plaintiff avers that she is presently employed by the federal government and that she earns "$500.00 per month take-home." She further states no one other than herself is dependent upon her for support.

On December 4, 1975 in a similar action, *Nathaniel P. Brown v. Local No. 690, et al.,* Civil Action No. 75–861, I denied plaintiff's motion to proceed *in forma pauperis* as the plaintiff had averred that although he had no income or savings he did enjoy equity in a motorcycle of approximately $1,850. I based my decision in that action in part on a previous decision of Judge Newcomer's in this district wherein Judge Newcomer denied a motion to proceed *in forma pauperis* in a criminal action because the movant had $60.00 in a bank account and a bequest amounting to $1,000 owed to him. *United States v. Scharf,* 354 F.Supp. 450 (E.D.Pa.1973). Judge Newcomer's decision was affirmed by the Third Circuit Court of Appeals. 480 F.2d 919 (1973).

Certainly plaintiff in this action appears to be in much better financial condition than either Mr. Brown or Mr. Scharf. Plaintiff's take home pay amounts to approximately $6,000 per year and she supports no one other than

herself. For these reasons, I must decide that plaintiff's motion to appeal *in forma pauperis* is denied. Plaintiff has not shown that she is unable to pay her court costs on appeal.