## Commonwealth v. Norris

*J. Curtis Joyner, Assistant District Attorney,* for Commonwealth.

*Pamela W. Higgins,* for defendant.

SUGERMAN, *J.,* August 5, 1976 — Defendant, John Norris, Jr., by allowance of the Superior Court of Pennsylvania, has appealed an order of this court refusing to dismiss criminal charges against him under the provisions of Pa. R. Crim. P. No. 1100(f). By its order allowing the appeal, the

Superior Court also certified the matter to the Supreme Court of Pennsylvania, where the same now awaits argument and disposition.

The defendant now makes application by petition to this court for leave to proceed on appeal in forma pauperis, pursuant to Pa. R. A. P. 552. We deny defendant's application to proceed in forma pauperis on appeal and, in accordance with subsection (e) of the latter rule, briefly state our reasons.

Defendant, represented by private counsel at the level of the trial court, did not seek, nor was he granted leave, to proceed in forma pauperis here. Nor has his counsel certified that she is acting in any of the capacities set forth in Pa. R. A. P. 552(d) so as to require automatic approval of his petition. Rather, defendant and his counsel assert that defendant is unable to pay the costs of reproducing and printing the briefs and record required on appeal.

Defendant annexes to his petition a verified statement substantially conforming to the requirements of Pa. R. A. P. 561, wherein he avers the following: He is 20 years of age, unmarried and steadily employed as a landscaper, earning approximately $80 net per week; has no persons dependent upon him for support; owns no real estate, stocks, bonds or notes; and receives no income other than his weekly salary. Defendant asserts that he has a savings account with a balance in the sum of $1,085 and a motorcycle, apparently unencumbered, valued in the sum of $500.

Defendant further asserts that he pays the sum of $20 per week for both room and board and lists as his only obligation, a debt to his family in the sum of $3,100, apparently advanced to, or on behalf of, defendant for his defense in the case at bar.

As noted, defendant is now, and has in the past, been represented by private counsel. No estimate of the printing and reproduction costs, which defendant asserts he is unable to pay, and no details concerning the obligation to his family are set forth in the petition or verified statement.

Although we have reviewed with interest the few appellate and other decisions bearing at least tangentially on the subject,* we fail to discern specific standards or guidelines the trial court might follow in determining the right to proceed in forma pauperis.

Rather, we suspect, as did the United States District Court for the Eastern District of Pennsylvania in United States v. Scharf, 354 F. Supp. 450 (E. D. Pa., 1973), affirmed 480 F. 2d 919 (C. A. 3, 1973), that "Each case must be judged on its individual merits together with whatever circumstances are peculiar or impelling relative to the particular defendant vis a vis his poverty, indigency and financial disability." Id. at 451.

Simply stated, defendant at bar is regularly employed, receiving a net weekly salary of $80 from which he supports only himself. He expends $20 of that sum for food and shelter. Although he has no physical assets other than a motorcycle valued at

---

* See, for example, Gerlitzki v. Feldser, 226 Pa. Superior Ct. 142, 307 A.2d 307 (1973), dealing with the Act of June 16, 1836, P.L. 715, sec. 28, 5 P.S. §72; Commonwealth v. Benson, 50 Wash. Co. 66 (1969); and c. f. In Re Moser, 65 D. & C. 2d 356 (1974); Madden v. City of York, 59 D. & C. 2d 367 (1972). And see 4 Am. Jur. 2d Appeal and Error, §345 — 351; Griffin v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891, 55 A. L. R. 2d 1055 (1956); Burns v. Ohio, 360 U. S. 252, 79 S. Ct. 1164, 3 L. Ed. 2d 1209 (1959); Smith v. Bennett, 365 U. S. 708, 81 S. Ct. 895, 6 L. Ed. 2d 39 (1961); Statute 11, Henry VIII, 1494.

$500, his only debt is that which he claims he owes to his family for the costs of his defense.

It is apparent, then, that in addition to his savings account in the sum of nearly $1,100, defendant has available to him the net sum of $60 weekly. Bearing in mind the absence of detail concerning how, if at all, defendant is to repay the debt to his family, we do not find on this record and are not convinced that defendant is unable to pay the costs he would have society bear. Nor can we say that defendant is indigent or in a condition of poverty.

We find support for this conclusion in United States v. Scharf, supra, where petitioner, convicted of a serious criminal charge in the United States District Court, sought leave to proceed in forma pauperis on appeal to the Court of Appeals. Petitioner was unemployed, received no income from any source, had no outstanding debts, and his only assets consisted of a bequest from his grandfather's estate in the sum of $1,000 and a bank account with a balance of approximately $60. On those facts, the district court refused to permit petitioner to proceed in forma pauperis. We find such conclusion compelling, and thus deny defendant's petition to appeal in forma pauperis.