**Herbert K. ATWELL, Plaintiff,**

v.

**Warren S. REESE, Jr.; F. H. James; Alabama Pardons and Parole Board; and D. E. Brookhart, Defendants.**

**Civ. A. No. 81–370–N.**

United States District Court,
M. D. Alabama, N. D.

Oct. 16, 1981.

Herbert K. Atwell, pro se.

Charles A. Graddick, Atty. Gen., Richard N. Meadows, Asst. Atty. Gen., Montgomery, Ala., for Board of Pardons and Paroles.

Winfield James Sinclair, Asst. Atty. Gen., Montgomery, Ala., for James and Brookhart.

Warren S. Reese, pro se.

ORDER

HOBBS, District Judge.

The above styled cause is now before the Court on defendants James and Brookhart's motion for this Court to reconsider its order of July 30, 1981 granting plaintiff's in forma pauperis petition or, alternatively, motion to revoke plaintiff's in forma pauperis status, filed herein August 18, 1981; defendants James and Brookhart's motion to dismiss, filed herein August 18, 1981; defendant Reese's motion to reconsider order granting plaintiff's in forma pauperis petition or, alternatively, motion to revoke plaintiff's in forma pauperis status, filed herein August 24, 1981; and defendants Sara Cousins Sellers, John T. Porter, and Jack Lufkin, as members of the Alabama Board of Pardons and Paroles, motion to reconsider, filed herein October 1, 1981. A hearing was held on the above motions on October 14, 1981. Upon consideration of defendants' motion, the Court is of the opinion that plaintiff's complaint is due to be dismissed.

Defendants charge that plaintiff filed a false and forged statement in his petition to proceed in forma pauperis. The evidence presented at the hearing was undisputed that plaintiff had someone forge the signature of the Accounts Clerk at Kilby Correctional Facility attesting to the false statement that plaintiff had a zero balance in his prison account. The evidence clearly established that plaintiff had $900.16 in his prison account on the date his petition was executed. The Court notes that since 1975 plaintiff has filed over seventeen cases in this district and the Southern District of Alabama. Another suit was filed by plaintiff in this Court on the date of this hearing, October 14, 1981. In at least eight of those cases plaintiff has proceeded in forma pauperis. He is thus aware of the requirements for proceeding in forma pauperis. Plaintiff could offer no reasonable basis for filing a document which he knew to be forged, or for stating that his prison account was zero.

This Court and other federal courts are deluged with in forma pauperis Section 1983 prisoner petitions. Forty-four per cent of all civil cases filed in this Court during the past three months have been prisoner suits, and the average percentage of such prisoner civil cases filed in this Court over the past four years has been 40 per cent. Since prisoners filing such suits who are allowed to proceed in forma pauperis are immune from imposition of any costs irrespective of the outcome of their litigation, and since they have plenty of idle time, there are not the usual restraints on filing law suits. *Braden v. Estelle*, 428 F.Supp. 596, 597–98. The fact that plaintiff has filed numerous other in forma pauperis petitions is a case in point. One suggestion has been that where evidence is at hand that the prisoner is financially responsible that he be required, at least, to pay part of the costs. This was done in the *Braden* case. False and forged documents prevent the courts from considering in an intelligent manner a petition for in forma pauperis status. The Court, therefore, views the action of plaintiff as a serious offense which requires the imposition of severe judicial sanctions.

This Court recognizes the proper role for in forma pauperis petitions and prisoner suits, but the sanction of dismissing a suit where the prisoner has filed approximately twenty civil suits and has admitted knowingly filing a false and forged petition seems required.

For the above reasons, the Court is of the opinion that the statutory authorized sanction of dismissal is appropriate. See 28 U.S.C. Sec. 1915(d). This was the action taken by the court in *Woods v. Bailey*, 122 F. 967. Accordingly, it is

ORDERED that plaintiff's complaint in this case be and the same is hereby dismissed with prejudice.