### WHELAN v. MANHATTAN RY. CO.

(Circuit Court, S. D. New York. April 1, 1898.)

1. COSTS—SECURITY—SUING IN FORMA PAUPERIS.
   Under Act July 20, 1892, §§ 1, 4, plaintiff may be permitted to sue in forma pauperis on filing a proper affidavit of poverty, and also an affidavit of facts sufficient to show that the cause of action is not frivolous.

2. SAME—ASSIGNMENT OF ATTORNEY.
   When one shows a right to sue in forma pauperis, the court will appoint an attorney for him, whose fee will be contingent on success, and, in any event, will not be larger than the quantum meruit.

Motion to vacate an order heretofore made, requiring plaintiff to file security for costs. The action is brought to recover damages for

personal injuries sustained, as is alleged, through defendant's negligence.

Edwin G. Davis, for the motion.

Joseph A. Adams, opposed.

LACOMBE, Circuit Judge.   This motion is made upon an affidavit made by the plaintiff, which sets forth that she is a citizen of the United States, resident in the state of New Jersey; that she is wholly destitute of means; that, because of her poverty, she is unable to pay the costs of this suit, or to give security for the same; and that she believes she is entitled to the redress she seeks by this action.   This affidavit conforms to the requirements of section 1 of the act of July 20, 1892.   That act, however, does not secure an unrestricted right to prosecute as a poor person.   A preliminary investigation by the court is also provided for by section 4, which reads:

"Sec. 4. That the court may request any attorney of the court to represent such poor person, if it deems the cause worthy of a trial, and may dismiss any such cause so brought under this act if it be made to appear that the allegation of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious."

Upon attention being called to this provision, a further affidavit has been filed, which sets forth the facts which plaintiff expects to prove upon the trial.   From this statement it appears that plaintiff was about to step on board the platform of one of defendant's cars which had stopped at a station; that there was room for her upon the platform; that (the guard holding the gate open) she placed her right foot upon the platform, and had just raised her left foot from the station platform when the guard suddenly, and without warning, violently shoved the gate against the plaintiff, thrusting her from the platform of the car, and inflicting severe injuries.   If this story be uncontradicted, plaintiff would be entitled to go to the jury, and the alleged cause of action would certainly not be "frivolous."   It seems, therefore, to be "worthy of a trial," within the language of section 4. The order requiring plaintiff to file security for costs should therefore be vacated.   It remains, however, for the court to provide an attorney to represent the poor person.   The act is most carefully framed to deal fairly with both sides.   It will not allow an irresponsible person to prosecute, without incurring liability for costs, some frivolous or malicious cause of action; but once it is shown to the court that there is a cause of action "worthy of a trial," which plaintiff, a citizen of the United States, cannot prosecute without incurring indebtedness, which such citizen is too poor to pay, then congress provides a way whereby such poor citizen may have his day in court without incurring such indebtedness.   Not only is he to be relieved from securing the costs of his adversary, but an attorney is to be provided for him by the court, who will prosecute his cause of action without stipulating for some compensation in the event of success larger than the quantum meruit.   In other words, the "poor citizen" will not be compelled, by reason of his poverty, to enter into any contract more oppressive than such as could be made by his more fortunate fellow citizen.   The attorney assigned by the court, in the

event of nonsuccess, will, of course, receive nothing; in the event of final success, he may apply to the court for an order fixing a fair compensation for the services he may actually render, which will be paid to him out of the fund recovered, and the balance only paid over to plaintiff.

If the attorney who brought the action is willing to continue the litigation on those terms, he will be assigned to represent plaintiff; if not, the court will find some other attorney to prosecute her case.