**Jess CANCINO, Appellant,**

v.

**Edward J. SANCHEZ et al., Appellees.**

**No. 21660.**

United States Court of Appeals
Ninth Circuit.

July 7, 1967.

Jess Cancino, in pro. per.

Roger Arnebergh, City Atty., John A. Daly, Thomas M. Rosenberg, Asst. City Attys., Los Angeles, Cal., for appellees.

Before MADDEN, Judge of the Court of Claims, and BARNES and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

Appellant, an inmate of a California state prison serving a term of 5 to 20 years, has brought suit against appellees, officers of the Los Angeles Police Department, charging violation of his civil rights in subjecting him to an unlawful search and seizure. Upon motion of appellees, the District Court dismissed the action reciting the grounds set forth in the motion as follows:

"Said complaint fails to state a claim upon which relief can be granted and the federal courts should refrain from taking jurisdiction at this time, for the reason that said suit can be brought in a more favorable atmosphere by the plaintiff after he has again become a member of free society."

The allegations of the complaint, taken as true, do state facts con-

stituting an illegal search and seizure. The sole ground upon which appellees here support the dismissal is that "the trial court, as a matter of discretion, may refrain from taking jurisdiction where suit is brought by a prisoner." This proposition we reject.

In support of their position appellees rely on Shobe v. People of State of California, 362 F.2d 545 (9th Cir. 1966), and Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963). Those cases dealt with exercises of discretion in denying leave to proceed in forma pauperis. The present issue, however, is governed by law and not by discretion. The fact that the plaintiff is a prisoner does not deprive him of capacity to sue and is not ground for dismissal.

Reversed.