**Gerald D. PETERSON, Appellant,**

v.

**Isadore NADLER, Appellee.**

**No. 71-1642.**

United States Court of Appeals, Eighth Circuit.

Dec. 17, 1971.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

This court has entered an administrative order reversing the district court's order (1) staying indefinitely (until the plaintiff is out of prison) all proceeding in a civil action brought by plaintiff, (2) denying the plaintiff use of written questions upon deposition to preserve his evidence and (3) denying plaintiff, an indigent, appointed counsel. This opinion serves as explication of this court's order.

The plaintiff is presently serving a federal prison term at Leavenworth, Kansas. The district court granted plaintiff leave to proceed in forma pauperis to file a civil complaint. Plaintiff alleges that the defendant Isadore Nadler, his former attorney, fraudulently converted his 1967 automobile by wrongfully selling it after plaintiff had been sent to Leavenworth. Plaintiff sought $6,035 compensatory damages and $5,000 punitive damages. He alleged proper diversity of citizenship. He filed written interrogatories in the district court asking that they be served on the defendant and another witness. Plaintiff alleged

that he desired to preserve their evidence for trial. Due to his poverty and his incarcerated status plaintiff requested that the district court appoint an attorney to represent him. The district court ruled it had no *power* to appoint an attorney in a civil case and that no provision of the Federal Rules of Civil Procedure allowed written interrogatories to be served on a nonparty witness. The trial court further held that since the complainant would be in prison for some time (possibly until 1983), he would not be prejudiced by having his case continued until he was released from prison. Upon plaintiff's filing of a notice of appeal the district court granted a certificate to appeal in forma pauperis to this court. On appeal plaintiff requested appointment of counsel to represent him.

This court routinely rules on motions for appointment of counsel by administrative order. See Local Rule 2(c) for the Eighth Circuit. In passing on such a motion we initially review the substantiality of the issues to be presented on appeal to ascertain whether the case merits appointment of counsel. On occasion where there exists patent error in the district court's order the panel may in the interest of justice grant immediate relief. See Local Rule 8 for the Eighth Circuit. This was done here.

 A fundamental question the court faced on administrative review was the appealability of the district court's order. The district judge evidently considered the order appealable in granting the necessary certificate allowing plaintiff leave to appeal in forma pauperis.[1] Although a collateral order not affecting the ultimate merits of a case is not a final order for appellate review under 28 U.S.C. § 1291, an appellate court may treat such an order as reviewable where the district court's order can have the effect of being irreparable on any subsequent appeal. See Baxter v. United Forest Products Co., Inc., 406 F.2d 1120 (8 Cir. 1969), cert. denied, 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed. 2d 42.[2] The district court's indefinite stay of all proceedings and its denial of the plaintiff's right to perpetuate evidence through written questions is tantamount to a denial of due process.[3] Simply because a person is incarcerated he is not stripped of free access to the courts and the use of legal process to remedy civil wrongs. Hill v. Gentry, 280 F.2d 88, 89 (8 Cir. 1960), cert. denied, 364 U.S. 875, 81 S.Ct. 119, 5 L.Ed.2d 96. See also Cancino v. Sanchez, 379 F.2d 808 (9 Cir. 1967); Coleman v. Peyton, 362 F.2d 905, 907 (4 Cir. 1966), cert. denied, 385 U.S. 905, 87 S.Ct. 216, 17 L. Ed.2d 135; Marsh v. Moore, 325 F. Supp. 392, 394 (D.C.Mass.1971). To delay the action until plaintiff is released from prison could conceivably forever deny his securing presently available evidence which he alleges is necessary to prove his claim. See Justice Douglas' concurring opinion in Johnson v. Avery, 393 U.S. 483, 491, 493, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). And to arbitrarily deny even the bare opportunity to process his claim for an indefinite number of years could well render the legal process meaningless for this plaintiff. See Allegheny County v. Mashuda Co., 360 U.S. 185, 197–198, 79 S.Ct. 1060, 3 L. Ed.2d 1163 (1959). The district court ruled the plaintiff could not file written questions to preserve evidence. Rule 31, Fed.R.Civ.P., expressly provides the right of any party to discover and perpetuate evidence from nonparty witness-

---

1. The district court may, of course, deny the certificate if it feels the appeal is frivolous and is not brought in good faith. 28 U.S.C. § 1915.

2. A party who alleges usurpation of power by a district judge may also proceed by filing a petition for a writ of mandamus. See Fed.R.App.P. 21. Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

3. Rule 1 of the Federal Rules of Civil Procedure requires that the rules "be construed to secure the just, speedy, and inexpensive determination of every action." The rules are designed to achieve "simplicity, speed, and financial economy in litigation." 2 Moore, Federal Practice ¶ 1.13(1) at 286 (2d Ed. 1970).

es by deposition upon written questions. Parties and witnesses may die or their memories become dulled or records may beome lost. Speedy justice has not always been available due to congested dockets or occurrences extrinsically beyond the control of the court. However, justice cannot be denied by the court simply because an individual claimant also happens to be in prison.

■■ The district court ruled that it had no *power* to appoint counsel to represent an indigent in civil cases. This ruling overlooks the express authority given it in 28 U.S.C. § 1915 to appoint counsel in civil cases. This court and other courts of appeals regularly make these appointments in habeas corpus and civil rights cases [4]; district courts throughout the country do the same. It is true that there exists no statutory or constitutional *right* for an indigent to have counsel appointed in a civil case. Brasier v. Jeary, 256 F.2d 474 (8 Cir. 1958), cert. denied, 358 U.S. 867, 79 S. Ct. 97, 3 L.Ed.2d 99.[5] We have af-

firmed this principle many times. Still, federal courts do possess the statutory power to make this appointment, if within the court's discretion the circumstances are such that would properly justify it. This right has long been recognized. Whelan v. Manhattan Ry. Co., 86 F. 219 (Cir.Ct. S.D.N.Y.1898).[6] Such appointments may be rare but when made they are routinely authorized. See e.g., Massengale v. C. I. R., 408 F.2d 1373 (4 Cir. 1969), cert. denied, 396 U.S. 923, 90 S.Ct. 257, 24 L. Ed.2d 205 (tax case); Lee v. Crouse, 284 F.Supp. 541 (D.Kan.1967) (civil rights case). Cf. Roach v. Bennett, 392 F.2d 743 (8 Cir. 1968); Taylor v. Steele, 194 F.2d 864 (8 Cir. 1952), cert. denied, 343 U.S. 973, 72 S.Ct. 1080, 96 L.Ed. 1367. Note, The Indigents' Right to Counsel in Civil Cases, 76 Yale L.J. 545 (1967); 98 A.L.R.2d 292. In the overall interests of the proper administration of justice we think this case presents circumstances requiring appointment of counsel. The complaint

---

4. See e. g., Action v. Gannon, 450 F.2d 1227 (8 Cir. 1971), a civil rights case where the defendant-appellant appeared before this court *pro se*, and following his argument because of the important issue involved this court vacated submission of the appeal, appointed appellant legal counsel and set the case down for a reargument. In our opinion this court commended the court-appointed counsel for his public service.

5. The district court construed *Brasier* as holding that a party to a civil action may not file a complaint *pro se* and also move to be represented by counsel at the same time. This reading is unrealistic. Under § 1915(d) the judge must *study a pro se complaint filed* and may refuse to appoint counsel if "that action is frivolous or malicious." Furthermore, *Brasier* recognizes that an indigent may represent himself and additionally benefit from appointed counsel. This court there observed:

 "It may be . . . that in rare circumstances it might be good practice and could aid in the fair presentation of claim or defense if a party were allowed to actively participate in the conduct of the trial, even though represented by counsel." 256 F.2d at 478.

6. Under the predecessor to 28 U.S.C. § 1915 in approving the appointment of counsel in a civil tort case filed by an indigent person it was early recognized:

 "Not only is he to be relieved from securing the costs of his adversary, but an attorney is to be provided for him by the court, who will prosecute his cause of action without stipulating for some compensation in the event of success larger than the quantum meruit. In other words, the 'poor citizen' will not be compelled, by reason of his poverty, to enter into any contract more oppressive than such as could be made by his more fortunate fellow citizen. The attorney assigned by the court, in the event of nonsuccess, will, of course, receive nothing; in the event of final success, he may apply to the court for an order fixing a fair compensation for the services he may actually render, which will be paid to him out of the fund recovered, and the balance only paid over to plaintiff.

 "If the attorney who brought the action is willing to continue the litigation on those terms, he will be assigned to represent plaintiff; if not, the court will find some other attorney to prosecute her case." 86 F. at 220–221.

states a fraudulent conversion of plaintiff's property. The answer admits the sale of the automobile but alleges mitigating defenses. Plaintiff is admittedly an indigent. For obvious reasons he alone cannot investigate the case or hope to obtain evidence to prove his allegations. The court will be aided by appearance of counsel at all proceedings. These circumstances fully justify the appointment of counsel to represent plaintiff and the failure to do so here would amount to an abuse of discretion.

Lawyers have long served in state and federal practice as appointed counsel for indigents in both criminal and civil cases. The vast majority of the bar have viewed such appointments to be integrally within their professional duty to provide public service. Only rarely are lawyers asked to serve in civil matters. We have the utmost confidence that lawyers will always be found who will fully cooperate in rendering the indigent equal justice at the bar.

Our order of November 22, 1971, is fully affirmed.