Jim **JENSEN** et al., Plaintiffs
and Respondents,

v.

**SALT LAKE COUNTY BOARD OF COM-
MISSIONERS** et al., Defendants
and Appellants.

Blanche **PARSONS** et al., Plaintiffs
and Respondents,

v.

**SALT LAKE COUNTY BOARD OF COM-
MISSIONERS** et al., Defendants
and Appellants.

No. 13682.

Supreme Court of Utah.

Dec. 20, 1974.

Carl J. Nemelka, Salt Lake County Atty., Richard S. Shepherd, Asst. Salt Lake County Atty., Salt Lake City, for defendants and appellants.

Phil L. Hansen, of Phil L. Hansen & Associates, Salt Lake City, for Jim Jensen.

D. Kendall Perkins, Salt Lake City, for Blanche Parsons.

TUCKETT, Justice:

The above entitled cases were filed separately in the district court and the issues of law and fact being similar, they were there consolidated for the purpose of trial, and the two cases are here as a consolidated appeal. In each case the Board of Commissioners of Salt Lake County are here seeking a reversal of the judgment entered adverse to the defendants.

The plaintiffs are massage parlor owners and employees who sought licenses to operate for the year 1974 and were denied such licenses by the County. Refusal to grant licenses to the plaintiffs was based upon the ground that the plaintiffs failed to demonstrate that they met the requirements of Section 15–18–4(5), Ordinances of Salt Lake County. An amendment to that ordinance was adopted by the Board of Commissioners on May 23, 1973, which requires a showing of certain qualifications for the operators and employees of massage parlors prior to licensing. The language of the amendment above referred to is as follows:

Section 1. That Title XV, Chapter 18, Section 4 of the Revised Ordinances of

Salt Lake County, 1966, as amended, is amended by enacting an additional subsection (5) which is set forth as follows:

"(5) A certificate showing that:

(a) the applicant has practiced as a massage therapist for a period of at least five (5) years prior to the date of this amendment to the Massage Parlor Regulations; or

b) That the applicant is a graduate of a massage and therapy school approved by the American Massage and Therapy Association; or

c) is a fully accredited member, in good standing, of the American Massage and Therapy Association."

This amendment is the only part of the ordinance included in the record on appeal and we deal with it alone.

The trial court was of the opinion that the language of the ordinance was so vague and uncertain as to render it invalid. We conclude that that determination by the trial court was correct. A person who might wish to enter the field covered by the ordinance would be unable to determine from its wording what qualification or skill would be necessary to qualify for a license. It is noted that the ordinance uses the term "massage therapist" but nowhere is that term defined. The regulation of physical therapists is under the jurisdiction of the Department of Business Regulation of the State of Utah pursuant to the provisions of Section 58-1-5(12) and would not be subject to regulation by the County. It cannot be determined from the language of the amendment under consideration whether or not the terms "massage therapist" and "physical therapist" are synonymous. The other qualifications mentioned in the amendment require compliance with rules and standards of private associations which are not spelled out in the amendment, nor is there any indication as to where those standards might be found.

At the trial in the court below a county commissioner and a member of the county sheriff's office testified that prostitution was the major concern in the adoption of the ordinance in question. It is the County's contention that it is a valid exercise of police power to regulate massage establishments and to control prostitution. We are of the opinion that the County does have the power to deal with those matters directly.[1] However, the ordinance under consideration does neither, but rather it attempts to set standards and qualifications of those persons who intend to engage in a legitimate occupation or trade. This is not a proper exercise of the police power.

The judgment of the district court is affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (concurring in the result).

I concur in the result. The requirements of the ordinance in my opinion are too severe to be considered a reasonable requirement for a license to operate as a masseuse. There surely are masseuses who are moral women.

1. Sec. 17-5-77, U.C.A.1953.