Earl D. WIMBERLY, Plaintiff-Appellant,

v.

Stanley J. ROGERS et al.,
Defendants-Appellees.

No. 75–2239.

United States Court of Appeals,
Ninth Circuit.

July 15, 1977.

Earl D. Wimberly, pro se.

Robert Woodahl, Atty. Gen., Nick A. Rotering, Sp. Asst. Atty., Dept. of Institutions, Helena, Mont., Garlington, Lohn & Robinson, Missoula, Mont., William Brolin, Anaconda, Mont., submitted briefs for defendants-appellees.

Before BARNES and ANDERSON, Circuit Judges, and CRAIG, District Judge.[*]

BARNES, Senior Circuit Judge:

On January 2, 1975, plaintiff-appellant, a California State prisoner, filed a civil rights complaint against certain state correctional, and other officers, of the State of Montana (42 U.S.C. §§ 1983 and 1985). He moved for appointment of counsel to represent him, and the right to sue in forma pauperis.

The first motion was denied; the second was granted, each on the day they were filed.

The 82 paragraph complaint is a typical propria persona document. Various motions to dismiss were filed by certain defendants on various grounds. Motion for summary judgment "interlocutory in character" was made by certain defendants, as well as two motions for stay of proceedings by defendants. Appellant made several motions for default judgment (one was granted, later to be set aside because that defendant had previously filed an answer), and motions to strike certain defendant's answers.

On April 15, 1975, Judge Smith signed an order denying Wimberly's Motion for Appointment of Counsel, requiring that all Interrogatories and Requests for Admission and Production be filed by July 1, 1975, and staying all further proceedings "until Wimberly is released from custody and able to personally attend pretrial conferences." On April 28, 1975, Wimberly made a motion to vacate those portions of the court's April 15, 1975 order (entered April 16, 1975), which (a) denied plaintiff's motion for appointment of counsel; (b) set date of July 1st for discovery; and (c) "stayed proceedings until plaintiff is released from custody". That motion was denied on May 9, 1975, and entered May 13, 1975. A Notice of Appeal was dated May 22, 1975, and entered May 22, 1975 by Wimberly appealing the court's Order of April 15, 1975.

Additionally, appellant moved to vacate the court's order granting defendants additional time to answer interrogatories (Ct. 140). There were "replies" and "responses" by appellant, with affidavits and memoranda of law in support thereof, filed by appellant, even to defendant's answer; and even after appellant had appealed to this Court.

The record presented to us discloses no attempt by appellant to obtain authorization to appeal from the district court's order as an interlocutory decision. (28 U.S.C. § 1292(b)). We therefore must as-

[*] Honorable Walter Early Craig, Chief Judge, District of Arizona, sitting by designation.

sume this civil appeal comes before us as one of right, under Rule 4(a) (Rules of App.Proc.).

■ An appeal as of right in a civil suit must be filed within 30 days of the date of entry on the civil docket of the judgment or *order* appealed from. This order was entered April 16, 1975. The Notice of Appeal was entered May 22, 1975. Thus this is an untimely appeal, and we are without jurisdiction to hear it, unless appellant's "Motion to Vacate" (C.T. 130) under Rule 59(e), extends his time under the second paragraph of Rule 4 (Rules of App.Proc.). We hold it does, and that we have jurisdiction to hear this appeal.

We next face the question of possible mootness. In paragraph 2 of appellant's complaint, he alleges he was then (on January 2, 1975) eligible for release on parole under California law, but was scheduled to appear during the year 1975 for a parole hearing.

■ In appellant's Reply Brief, he attaches to it "an accompanying exhibit." This exhibit is apparently a partial copy of a page from some Adult Authority records from some state, presumably California. It has no authentication or certification attached, and no motion was made, in this Court, or below, to properly add it to the record before this Court. On this Court's own motion therefore, it strikes said unnumbered exhibit to appellant's Reply Brief from the record of this case.

Due to Court congestion and the immense number of various types of cases (and particularly criminal cases), that have a priority in being heard before civil cases can be reached, considerable time has elapsed since the appellant's Reply Brief on Appeal was filed on February 17, 1976. We have no knowledge as to the facts relating to mootness as of this date. There can be no oral argument before us, as plaintiff presumably, though not certainly, is in custody, and hence we will not hear his opponents.

When appellant submitted his Memorandum of Law as his "appeal" to this Court without making any motion, appellant's primary effort was to have this Court grant his request for the appointment of counsel for him. This was denied by the Chief Judge of this Circuit on December 1, 1975, but appellant's Memorandum was ordered filed as his opening brief on appeal. There is therefore no motion for appointment of counsel pending before us.

■ Aware that appellant is entitled to the beneficial rule that we should make all allowances possible in favor of persons appealing in propria persona, we hold as follows:

(1) that the pragmatic approach emphasized in the bench-mark case of *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) requires us to hold that that portion of the trial court's order staying all further proceedings until the appellant "is released from custody" is "a final disposition of a claimed right which is not an ingredient of the cause of action, and does not require consideration with it";

(2) that such portion of the order is therefore appealable;

(3) that the four words "released from custody and" are stricken from the district court order entered April 16, 1975. The district court's indefinite stay of all proceedings is tantamount to a denial of due process. Simply because a person is incarcerated does not mean that he is stripped of free access to the courts and the use of legal process to remedy civil wrongs. The rule of this Circuit is that: "This is governed by law and not by discretion." *Cancino v. Sanchez*, 379 F.2d 808, 809 (9th Cir. 1967); *Alexander v. Ramsey*, 539 F.2d 25 (9th Cir. 1976); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971); *Coleman v. Peyton*, 362 F.2d 905 (4th Cir. 1966), *cert. denied*, 385 U.S. 905, 87 S.Ct. 216, 17 L.Ed.2d 135. *See also: Thompson v. Bond*, 421 F.Supp. 878 (W.D.Mo.1976), and *Delorme v. Pierce Freightlines*, 353 F.Supp. 258 (D.Or.1973).[1]

1. The last two F.Supp. cases cited above are cases which deal with "civil death" statutes and as such are distinguishable from the facts of this case. However, they do deal with the general area of right to access to the courts.

(4) that there was no abuse of the court's discretion in denying the appointment of counsel, *Shobe v. People,* 362 F.2d 545 (9th Cir. 1966); *Peterson v. Nadler,* 452 F.2d 754 (8th Cir. 1971), or in any other portion of said order of April 16, 1975 (other than the words deleted in (3) above) because they raise issues which are within the judicial discretion of the trial court.

REVERSED AND REMANDED for further proceedings in accordance with this opinion.