No. 81-224

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

WESTLEY F. DEITCHLER,

Defendant and Appellant.

---

Appeal from: District Court of the Sixteenth Judicial
In and for the County of Rosebud
Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

For Appellant:

Westley F. Deitchler, Pro Se, Forsyth, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
John Maynard argued, Assistant Attorney General,
 Helena, Montana
John S. Forsythe, County Attorney, Forsyth, Montana
S. Charles Sprinkle argued, Deputy County Attorney,
Forsyth, Montana

---

Submitted: September 8, 1982

Decided: October 7, 1982

Filed: OCT 7 - 1982

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

On August 4, 1980, the defendant was stopped by a highway patrolman and issued citations for wasting natural resources and for failing to display a Montana driver's license on demand. He was convicted of the two misdemeanors following a jury trial in the Justice Court of Rosebud County. He appealed to the District Court and, following a trial without a jury, was again convicted of the two offenses. This appeal follows.

Two issues are presented on appeal:

1. Whether section 61-5-116, MCA, requiring that a driver's license be carried by the operator of a motor vehicle and that it be exhibited on demand, is constitutional; and,

2. Whether section 61-8-304, MCA, declaring that speed limits should be set by the attorney general in conformance with limits imposed by federal law, is constitutional.

Appellant challenges both statutes on a due process basis. He premises his argument upon the theory that the use of public highways by individuals in their vehicles and with their gasoline is a right. He contends that the police power of the state may not be exercised to regulate an individual's use and control of his property in an attempt to provide for the general welfare and safety of the people of the state. Rather, he argues that only when an individual has in fact harmed another through irresponsible use of his property may the state exercise its police power. Appellant's argument is without merit.

The United States Supreme Court in 1837 recognized

that state and local governments possess an inherent power to enact reasonable legislation for the health, safety, welfare, or morals of the public. Charles River Bridge v. Warren Bridge Co. (1837), 36 U.S. (11 Pet.) 420. This Court has also recognized that such a police power exists even though the regulation may frequently be an infringement of individual rights. State v. Rathbone (1940), 110 Mont. 225, 241, 100 P.2d 86, 92. See also, State v. Penny (1910), 42 Mont. 118, 111 P. 727. Regulations that are formulated within the state's police power will be presumed reasonable absent a clear showing to the contrary. Bettey v. City of Sidney (1927), 79 Mont. 314, 319, 257 P. 1007, 1009. Appellant has not met his burden of making such a showing.

Whether use of public highways has been held to be a right or a privilege, courts have consistently impliedly or expressly acknowledged the power of the state to require licensing procedures to be followed prior to use of the highways and have acknowledged the state's power to properly regulate traffic on the highways. Mackey v. Montrym (1979), 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321; Dixon v. Love (1977), 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172; Bell v. Burson (1971), 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90; Popp v. Motor Vehicle Department (1973), 211 Kan. 763, 508 P.2d 991; Robertson v. State ex rel. Lester (Okla. 1972), 501 P.2d 1099; Campbell v. State Dept. of Rev., Div. of Motor Vehicles (1971), 176 Colo. 202, 491 P.2d 1385, 60 ALR3d 419; State v. Shak (1970), 51 Haw. 612, 680, 466 P.2d 422, cert. denied, 400 U.S. 930, 91 S.Ct. 191, 27 L.Ed.2d 190; Adams v. City of Pocatello (1966), 91 Idaho 99, 416 P.2d 46. See also, Annot., 6 ALR3d 506; Annot., 86 ALR3d

475.

We have previously recognized the power of the state to regulate licensing of drivers in the interests of public safety. Sedlacek v. Ahrens (1974), 165 Mont. 479, 483, 530 P.2d 424, 426. We have also recognized that the state's exercise of police power in setting speed limits is in the best interests of the state's economy and is in keeping with the national goals of conservation of gasoline and oil and of improved safety, Lee v. State (1981), ____ Mont. ____, 635 P.2d 1282, 1287, 39 St.Rep. 1729, cert. denied, ___ U.S. ____, 102 S.Ct. 2295, ___ L.Ed.2d ____.

Appellant's contentions fail.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

-4-