No. 87-496
88-478

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

THE CITY OF WHITEFISH,

        Plaintiff and Respondent,

   -vs-

GARRICK L. HANSEN,

        Defendant and Appellant.

---

APPEALS FROM:  The District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Garrick L. Hansen, pro se, Whitefish, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        Robert F.W. Smith, Asst. Atty. General, Helena
        Thomas S. Muri, City Attorney, Whitefish, Montana

---

Submitted on Briefs:  Feb. 3, 1989

Decided:  April 19, 1989

Filed:

_____
              Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The appellant, Garrick L. Hansen appeals from a judgment of the Eleventh Judicial District, Flathead County, finding him guilty of failing to have a valid driver's license, failing to carry motor vehicles insurance coverage, and failing to renew his motor vehicle registration. We affirm.

The issues raised on appeal by Hansen are:

1) whether the District Court violated appellant's constitutional rights; and

2) whether the "issuing" court had jurisdiction to try appellant for the violations aforementioned.

The case arises out of the following circumstances. On Thanksgiving Day 1988, appellant drove to a grocery store in Whitefish, Montana. Whitefish police officers approached Hansen in the parking lot of the shopping mall where the grocery store was located. The officers informed Hansen that his tail lights did not illuminate and asked for his driver's license, vehicle registration and proof of insurance. Appellant told the officers that he was not a person required to carry such documents. The officers placed appellant under arrest.

We accepted this appeal based on public policy that pro se appellants should not be barred from access to the court. Courts of appeal should make all allowances possible in favor of persons appealing in propria persona. Wimberly v. Rogers (9th Cir. Mont. 1977), 557 F.2d 671.

Hansen's first contention is that the District Court violated his constitutional rights. The arguments he offers to buttress his vague claims are indistinct, confused and incomprensible. They show a disrespect for this Court whose

- 2 -

function it is to decide serious questions of constitutional deprivation. We cannot dignify the contentions with anything beyond a curt reply.

This Court has previously addressed the issue concerning alleged violation of constitutional rights by requiring vehicle operators to carry a motor vehicle license, a driver's license and proof of vehicle insurance. In City of Billings v. Skurdal (Mont. 1986), 730 P.2d 371, 43 St.Rep. 2036, we listed considerable authority on the issue:

> The United States Supreme Court in 1837 recognized that state and local governments possess an inherent power to enact reasonable legislation for the health, safety, welfare, or morals of the public. Charles River Bridge v. Warren Bridge Co. (1837), 36 U.S. (11 Pet.) 420 L.Ed. 773. This Court has also recognized that such a police power exists even though the regulation may frequently be an infringement of individual rights. State v. Rathbone (1940), 110 Mont. 225, 241, 100 P.2d 86, 92. See also, State v. Penny (1910), 42 Mont. 118, 111 P. 727. Regulations that are formulated within the state's police power will be presumed reasonable absent a clear showing to the contrary. Bettey v. City of Sidney (1927), 79 Mont. 314, 319, 257 P. 1007, 1009 . . . .
>
> We have previously recognized the power of the State to regulate licensing of drivers in the interests of public safety. Sedlacek v. Ahrens (1974), 165 Mont. 479, 483, 530 P.2d 424, 426.

State v. Deitchler (1982), 201 Mont. 70, 72-73, 651 P.2d 1020, 1021-22.

Art. VII, § 1 of the Constitution of the State of Montana vests the judicial power of the state in "one supreme court, district courts, justice courts, and such other courts as may be provided by law." City Courts are provided for by §§ 3-11-102, -303, MCA. Penalties are established for the misdemeanors committed by Hansen under §§ 61-3-301(4), 61-3-601, 61-5-307 and 61-6-304, MCA. City Courts have

initial jurisdiction over these matters, §§ 3-11-102(1), 3-10-303(1), MCA; and appeals of these matters are heard de novo in district court. Sections 3-5-303 and 46-17-311, MCA. Each of the procedural steps mandated in those statutes was adhered to in Hansen's arrest and conviction. The statutes are regulatory in nature and no person in the state is exempt from them.

It is our conclusion that the issues appealed by appellant are frivolous, unreasonable and groundless and afford no basis for appellate relief from the District Court's decree. The appeal here is dismissed and the District Court affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -