# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3130
_____

Ronald Mitchell,                  *
                                          *

          Appellant,         *
                                          *

    v.                    *
                                          *

Randy Johnson, Pulaski County    *
Sheriff, Pulaski County Regional    *
Detention Facility; M. Barkhurst, Chief *
of Detention, Pulaski County Regional *
Detention Facility; Sgt. Kirk, Pulaski *
County Regional Detention Facility;   *
Sgt. M. Yates, Pulaski County Regional *
Detention Facility; Gerald Bennett,   *
Deputy, Pulaski County Regional    *
Detention Facility; Ed Owens, Nurse,  *
Pulaski County Regional Detention    *
Facility,                             *
                                          *

         Appellees.         *

_____

No. 98-4114
_____

Appeals from the United States
District Court for the
Eastern District of Arkansas.

Ronald Mitchell,                 *       [UNPUBLISHED]
                                          *

         Appellant,         *
                                          *

    v.                    *
                                          *

Randy Johnson, Sheriff, Pulaski County Regional Detention Facility; Michael Barkhurst, Chief of Detention, Pulaski County Regional Detention Facility; Lt. Hill, Pulaski County Regional Detention Facility; Corporal Everett, Pulaski County Regional Detention Facility; Sgt. Yates, Pulaski County Regional Detention Facility; Corporal Wallace, Pulaski County Regional Detention Facility; Sgt. Alvis, Pulaski County Regional Detention Facility; Lt. Stephens, Pulaski County Regional Detention Facility; Lt. Peters, Pulaski County Regional Detention Facility; Deputy Bennett, Pulaski County Regional Detention Facility; Sgt. Henson, Pulaski County Regional Detention Facility; Calvin Hollowell, Captain, Pulaski County Regional Detention Facility; Captain Day, Pulaski County Regional Detention Facility; Cecil Patmon, Health Service Administrator, Pulaski County Regional Detention Facility, originally sued as Ms. Pattman; Captain Hughes, Pulaski County Regional Detention Facility; Sergeant Talley, Classification/Disciplinary Board, Pulaski County Regional Detention Facility; Ms. Davidson, DSN #791, Classification/Disciplinary Board, Pulaski County Regional Detention Facility; Palmer, Classification/ Disciplinary Board, Pulaski County Regional Detention Facility; Meredith Mack, Social Worker, Classification,

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

Pulaski County Regional Detention      *
Facility; Deputy Ante, DSN #869,      *
Classification/Disciplinary Board,      *
Pulaski County Regional Detention      *
Facility,      *
     *
         Appellees.      *

_____

Submitted:  April 7, 1999
Filed:

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In 1996, Ronald Mitchell filed two 42 U.S.C. § 1983 actions in the Eastern District of Arkansas against various individuals affiliated with the Pulaski County Regional Detention Facility, raising claims stemming from his confinement there. In both cases, a magistrate judge granted Mitchell leave to proceed in forma pauperis (IFP) and scheduled an evidentiary hearing. The district court subsequently granted defense motions to close the cases administratively while Mitchell is in federal custody[1] (which may be until the year 2010), and dismissed Mitchell's complaints. After Mitchell appealed in both cases, the district court granted Mitchell leave to proceed IFP on appeal. We consolidated the two appeals for purposes of submission and

---

[1]At the time of the defense motions Mitchell was incarcerated in a federal institution in Pennsylvania.

disposition, and for the reasons discussed below, we reverse and remand both cases for further proceedings.[2]

The first issue is whether we have jurisdiction over these appeals. Since the district court dismissed both complaints, we have jurisdiction under 28 U.S.C. § 1291 (jurisdiction over final decisions of district courts). We also have authority to treat a nonfinal order as reviewable if it could "have the effect of being irreparable on any subsequent appeal." Peterson v. Nadler, 452 F.2d 754, 756 (8th Cir. 1971) (per curiam), abrogated in part on other grounds, Mallard v. United States District Court, 490 U.S. 296, 300–01 (1989). Thus, even if the district court had only administratively closed the cases, we would still have jurisdiction because the effect of staying Mitchell's cases until 2010 could be irreparable on the delayed litigation. See also Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 110 (4th Cir. 1988) (order administratively closing § 1983 action pending plaintiff's release from prison was appealable).

The second issue is whether an inmate's civil suit may be held in abeyance until his release from prison. The situation here is similar to that in Peterson, where an indigent inmate filed a civil suit against his former attorney. We reversed the district court's order staying the inmate's suit until he was released from prison (which may not have occurred for twelve years). See Peterson, at 755. As we said in Peterson, "justice cannot be denied by the court simply because an individual claimant . . . happens to be in prison." Id. at 757; see generally Muhammad, 849 F.2d at 111–14 (vacating sua sponte order administratively closing § 1983 action pending plaintiff's release from prison).

---

[2]Mitchell has recently filed a motion to dismiss his appeals as moot because he will be returned to Little Rock for a sentencing and he wants his cases to move forward in the district court. Because we are remanding the cases for further proceedings, this motion is dismissed as moot.

Accordingly, we reverse the dismissal of the complaints and remand to the district court with instructions to vacate the administrative closures and conduct further proceedings. We leave to the district court on remand the issues regarding appointment of counsel and securing the attendance of any necessary witnesses. We deny Mitchell's requests to waive appellate filing fees and to order recusal of the district judge.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.