No. 01-135

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 170N

STATE OF MONTANA

        Plaintiff/Respondent,

    v.

PERCIE LEE JONES,

        Defendant/Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Percie Lee Jones, Missoula, Montana (*pro se*)

    For Respondent:

    Mike McGrath, Montana Attorney General, C. Mark Fowler, Assistant Montana Attorney General, Helena, Montana; Fred Van Valkenburg, Missoula County Attorney, Dale Mrkich, Deputy Missoula County Attorney, Missoula, Montana

Submitted on Briefs: January 31, 2002

Decided: July 30, 2002

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Percie Lee Jones (Jones) was convicted on two counts of Criminal Sale of Dangerous Drugs. He was sentenced to two five-year terms to be served consecutively, with all time suspended upon compliance with specified conditions. Jones appeals. We affirm.

## ISSUES

¶3 We will not restate the issues presented by Jones because the determinative issue in this case is whether Jones properly appealed the District Court order in compliance with the Montana Rules of Appellate Procedure.

## FACTUAL BACKGROUND

¶4 The factual and procedural background of this case will only be briefly presented as it is irrelevant to this Court's ruling. In early spring 1998, Jones and a companion, on three separate occasions, sold marijuana to undercover agents working with the Montana Narcotics Investigation Bureau (MNIB). In September 1999, the State filed an Information against Jones for three counts of Criminal Sale of Dangerous Drugs. Jones' trial took place on September 5, 2000. The jury found Jones not guilty of Count I and guilty of Counts II and III. Jones was sentenced to five years for each Count, to be served consecutively. The entire ten-year sentence, however, was suspended contingent upon compliance with specific conditions. Jones appeals his sentence to this Court,

2

alleging District Court error on each of the nine issues presented in his appellate brief. He seeks reversal of the District Court's sentence and dismissal of the charges against him.

## DISCUSSION

¶5    It is unnecessary to restate Jones' issues because this appeal must be dismissed for Jones' failure to comply with the prescribed rules of appellate procedure. The Montana Rules of Appellate Procedure (Rules) govern the procedure for appeals to this Court in civil and criminal cases. They are designed to ensure that the parties to an appeal present their cases in a manner that provides the Court with the necessary information to render an informed, legally correct ruling, and to facilitate fairness and judicial economy. While recognizing the importance of the Rules, the Court, nonetheless, attempts to make accommodations for parties appearing pro se and is willing to relax technical requirements as long as the fundamental factual and legal basis for the appeal is discernable. As always, however, a district court's decision is presumed correct and it is the appellant who bears the burden of establishing error by that court. *Matter of M.J.W.,* 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18 (citations omitted). In this case, Appellant Jones has failed to meet even the relaxed standards of acceptable Rules' compliance.

¶6    The fatal flaw in Jones' briefs to this Court is his failure to present a concise, cohesive argument supported with citations to legal authority as required by Rule 23(a)(4), M.R.App.P. Under Rule 23(a)(4), an appellate brief must contain a succinct, clear and accurate summary of the arguments posited by the party. A reasoned argument must follow this summary and contain the contentions of the appellant with respect to each issue presented with citations to the authorities, statutes and pages of the record relied upon. Jones failed to meet his burden in this regard.

¶7    Jones presented nine issues in his brief, followed by a twenty-six page statement of the facts

3

and the case which was difficult to comprehend and lacked necessary specificity. The "Statement of the Facts" was followed by a one-half page combined "Summary of the Argument" and "Argument" that failed to address any of the enumerated issues. The State justifiably complained that it was impossible to legitimately or intelligently address Jones' claims as presented by his brief. Failure to substantially comply with the Rules results in dismissal of the appeal. While dismissal is a harsh result, it is nonetheless necessary when failure to comply with the Rules results in an appellate filing that can neither be comprehended by this Court or realistically responded to by the opposing party. See *Whitefish v. Hansen* (1989), 237 Mont. 105, 771 P.2d 976.

¶8      It is not this Court's obligation to conduct legal research on a party's behalf, to locate authorities or formulate arguments for an appealing party, to guess as to a party's precise position, or to develop legal analysis that may lend support to a party's position. *In re Marriage of Snow*, 2002 MT 143, 2002 Mont. LEXIS 244 (citations omitted); *In re B.P.*, 2001 MT 219, ¶41, 306 Mont. 430, ¶41, 35 P.3d 291, ¶41 (citation omitted).   An utter failure to comply with the Rules is fatal to an appeal. *State v. Blackcrow*, 1999 MT 44, ¶ 33, 293 Mont. 374, ¶ 33, 975 P.2d 1253, ¶ 33. Accordingly, we dismiss Jones' appeal for failing to comply with the Montana Rules of Appellate Procedure and affirm the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JIM RICE

4